**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| IN RE AMITIZA ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*All Actions* | Master Docket No. 1:21-cv-11057-MJJ |

<u>**PLAINTIFFS' TRIAL BRIEF**</u>

**TABLE OF CONTENTS**

I.      NEUTRAL STATEMENT OF CLAIMS ........................................................................1

II.     PROPOSED VOIR DIRE...............................................................................................4

        1.      Proposed Questions on which the Parties Agree. .......................................4

        2.      The Purchasers' Proposed Questions to which Takeda Objects..................4

        3.      Takeda's Proposed Questions to which the Purchasers' Object..................4

III.    PENDING MOTIONS *IN LIMINE*...............................................................................4

IV.     STIPULATIONS RESOLVING MOTIONS *IN LIMINE*..............................................6

The purchasers,[1] pursuant to Local Rule 16.5(f) and this Court's September 26, 2025 and July 29, 2025 Orders (Doc Nos. 620 & 567), respectfully submit this Trial Brief in connection with the trial scheduled to commence April 13, 2026.

## I.    NEUTRAL STATEMENT OF CLAIMS

*The case.* This is an antitrust case in which a group of drug purchasers have brought claims that the defendant drug company unlawfully kept prices high for an important medication by delaying generic competition, causing the group of drug purchasers to be overcharged by hundreds of millions of dollars over several years. The defendant denies all responsibility.

*The parties.* The case is brought by three plaintiff groups of purchasers of the drug called Amitiza, a branded drug that uses the pharmaceutical compound lubiprostone to treat chronic idiopathic constipation. First, there is a certified class of all direct purchasers of Amitiza throughout the United States. This class is mostly wholesalers and retailers and is here called the "Direct Purchaser Class." The Direct Purchaser Class is represented by its class representative KPH Healthcare Services, Inc., a/k/a Kinney Drugs, Inc. Second, there is a certified class of all end payor purchasers—self-insured employers, union funds and health insurers—which here is called the "End Payor Class." The End Payor Class is represented by its class representative Premera Blue Cross. Third, there is a separate group of individual retailers who purchased Amitiza, including Walgreens Co. and CVS Pharmacy, Inc. These three groups will be collectively referred to in this case simply as the purchasers. The defendants in this case are Takeda Pharmaceutical Company Limited and Takeda Pharmaceutical U.S.A. which will be referred to today simply as Takeda.

---

[1] KPH Healthcare Services, Inc., a/k/a. Kinney Drugs, Inc. and the Direct Purchaser Class; Premera Blue Cross and the End Payor Class; and Walgreen Co., CVS Pharmacy, Inc., and other named retailer plaintiffs.

*The background.* In 2006, the U.S. Food and Drug Administration ("FDA") approved Amitiza for U.S. sales. A drug company called Sucampo Pharmaceuticals (or "Sucampo") had developed the drug, and Sucampo in turn entered into an agreement with Takeda for Takeda to market and sell Amitiza in the U.S. Starting in 2006 and for years thereafter, Takeda/Sucampo sold Amitiza without competition from other lubiprostone products. In 2012, a generic drug company Par Pharmaceutical, Inc. ("Par") filed an application with the FDA to bring its proposed lubiprostone product—a generic version of Amitiza—to the market. In doing so, Par challenged all of the Takeda/Sucampo patents covering Amitiza that extended beyond July 2014. Takeda/Sucampo, in turn, brought a patent lawsuit against Par. In the lawsuit, Par argued that all the patents were invalid and that it should be able to launch its generic version of Amitiza as soon as July 2014, that is, right after the expiration of the last non-challenged patents, such that its product would compete with Takeda/Sucampo and drive prices down nationwide. Takeda/Sucampo argued that all the patents were valid, and that Par should not be allowed to launch until the expiration of all patents in October 2027.

In September 2014, Takeda/Sucampo settled Par's patent challenge by entering into a settlement agreement. Under the September 2014 agreement, Par dropped its challenge to the Sucampo/Takeda patents, and agreed not to enter the market until January 1, 2021, at which time it could sell either an Amitiza authorized generic product supplied by Sucampo itself, or sell its own generic lubiprostone product pursuant to its Abbreviated New Drug Application (ANDA"). An authorized generic is a generic version of a drug manufactured by the brand company but sold as a generic. And so, beginning in January 2021, Par began sales of an Amitiza authorized generic, meaning a generic manufactured by Sucampo, and did so for years. Neither Sucampo nor Takeda launched their own authorized generic versions. Meanwhile, several other companies also filed applications to sell generic Amitiza, and Takeda and

2

Sucampo also reached settlements with them. These other manufacturers filed their applications after Par filed its application, and their settlements did not allow them to come to market until January 2023.

*The claim.* The purchasers allege Takeda violated federal and state antitrust law because, they say, the September 2014 agreement included collusive provisions in which Takeda/Sucampo paid Par off to drop its challenge to the patents and delay competition for seven years, and longer. One collusive provision, the purchasers say, was a 50/50 profit split where, after waiting seven years to start any form of competition, Par would launch a generic in partnership with Sucampo where they would share profits 50/50 from Par's sales, making them both far more money than if they competed with each other in the U.S. marketplace. During these years of delay without competition, the purchasers allege they overpaid for expensive branded Amitiza product sold by Takeda—at about $4 per pill—when they should have had the ability to purchase the generic version at less than a tenth of the cost. The purchasers seek to recover for overcharges incurred during the years-long delay in the availability of generic Amitiza, from about 2016 until unrestrained competition began in January 2023, totaling hundreds of millions of dollars.

Takeda denies that there was any anticompetitive agreement between Takeda/Sucampo and Par because there was no promise by Takeda/Sucampo not to launch an authorized generic. They assert that the settlement gave Par a non-exclusive license and reserved Sucampo and Takeda's right to launch an authorized generic. Takeda also asserts that the declining royalty provision did not apply in this situation, so that was not a disincentive to Takeda/Sucampo launching an authorized generic. Takeda asserts that it was lawful to enter an agreement in which Par paid a royalty in exchange for entering the market before the expiration of all of the patents. Takeda claims that the settlement was good for competition.

And Takeda also claims that the plaintiffs cannot show that Par and any other generic companies could have launched generic Amitiza any sooner than they actually did, meaning that the purchasers cannot show that the September 2014 agreement caused the purchasers to overpay for brand or generic Amitiza. Takeda argues that Par would not have won the patent litigation and would have been unable to obtain regulatory approval for its ANDA earlier than 2022. And Takeda asserts that Takeda/Sucampo had independent business reasons for not launching their own authorized generic.

## II.  PROPOSED VOIR DIRE

### 1.  Proposed Questions on which the Parties Agree.

See Exhibit A attached hereto.

### 2.  The Purchasers' Proposed Questions to which Takeda Objects.

See Exhibit B attached hereto.

### 3.  Takeda's Proposed Questions to which the Purchasers' Object.

See Exhibit C attached hereto.

## III.  PENDING MOTIONS *IN LIMINE*

The purchasers have several motions *in limine* that remain pending (Doc No. 677) and present discrete evidentiary questions for resolution by the Court as follows:

- **Motion *in Limine* No. 1** to Preclude Takeda from Playing Affirmative Deposition Clips During Plaintiffs' Case-in-Chief Unless Necessary for Cross-Examination or Completeness.

- **Motion *in Limine* No. 2** to Preclude Argument or Evidence of Takeda's Subjective Beliefs that Put at Issue Attorney Advice.

- **Motion *in Limine* No. 3** to Preclude Argument or Evidence of Nonparty Analyst Reports and Opinions.

4

- **Motion** *in Limine* **No. 4** to Preclude Certain Expert Testimony of Ms. Mehes.

- **Motion** *in Limine* **No. 5** to Exclude the Cumulative Testimony of Takeda's Patent Experts Mr. Singer and Dr. Liu.

- **Motion** *in Limine* **No. 6** to Exclude Testimony from Takeda's Technical Experts from the Patent Litigation.

- **Motion** *in Limine* **No. 7** to Preclude Argument or Evidence Regarding the Unasserted Patents.

- **Motion** *in Limine* **No. 8** to Exclude Hearsay Transcripts from the Patent Litigation.

- **Motion** *in Limine* **No. 9** to Preclude Certain Arguments or Evidence that Takeda Did Not Violate the Antitrust Laws.

- **Motion** *in Limine* **No. 10** to Preclude Takeda from Disparaging Generic Drugs and Touting the Benefits of Brand Drugs.

- **Motion** *in Limine* **No. 11** to Preclude Takeda from Disparaging Plaintiffs' Use of the Hypothetical to Prove Causation.

- **Motion** *in Limine* **No. 12** to Preclude Takeda from Introducing Argument or Evidence about Plaintiffs' Entitlement to Treble Damages or Attorneys' Fees, Disparaging Plaintiffs' Pursuit of Damages as Greedy or Otherwise Improper, or Speculating about Plaintiffs' Motives for Bringing this Suit.

- **Motion** *in Limine* **No. 14** to Preclude Argument or Evidence Related to Takeda's Supposed Good Reputation or Character.

- **Motion** *in Limine* **No. 16** to Preclude Improper Argument or Evidence that Plaintiffs or Class Members Failed to Mitigate Damages.

- **Motion** *in Limine* **No 18** to Preclude Argument or Evidence that EPPs "Passed On" Overcharges.

- **Motion** *in Limine* **No. 19** to Preclude Argument or Evidence that Rebates Paid by Takeda Related to Amitiza Offset EPPs' Damages.

- **Motion** *in Limine* **No. 20** to Preclude Argument or Evidence Regarding EPPs' or Class Members' Denial of Health Insurance Claims.

- **Motion** *in Limine* **No. 21** to Preclude Argument or Evidence Blaming Par or Sucampo for the Antitrust Violation.

5

- **Motion *in Limine* No. 22** to Preclude Argument or Evidence that Characterizes an At-Risk Launch as "Theft" or "Illegal."

- **Motion *in Limine* No. 23** to Preclude Argument or Evidence that the Size of the Reverse Payment Was Not Large.

- **Motion *in Limine* No. 24** to Preclude Takeda from Asserting Procompetitive Justifications Contrary to Law.

The parties are still negotiating the joint stipulation governing trial logistics, which will be filed on March 27. There is at least one discrete evidentiary issue therein. To the extent additional issues arise, the parties intend to include their respective positions in the stipulation.

## IV.    STIPULATIONS RESOLVING MOTIONS *IN LIMINE*

The parties filed stipulations resolving motions *in limine* in whole or in part. *See* Doc No. 695. In this joint notice and proposed order, the purchasers withdrew their motions *in limine* nos. 13, 15, and 17. The proposed stipulations also resolve in part the purchasers' motions *in limine* nos. 10 and 12.

Dated: March 26, 2026                     Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

*/s/ Jessica R. MacAuley*
Jessica R. MacAuley (BBO #685983)
Thomas M. Sobol (BBO #471770)
Erin C. Burns (*pro hac vice*)
Kristen A. Johnson (BBO #667261)
Daniel Polonsky (BBO #709609)
Rebekah Glickman-Simon (BBO #708043)
1 Faneuil Hall Square
Boston, MA 02109
Tel: (617) 482-3700
Fax: (617) 482-3003
jessicam@hbsslaw.com
tom@hbsslaw.com
erinb@hbsslaw.com
kristenj@hbsslaw.com
danielp@hbsslaw.com
rebekahgs@hbsslaw.com

6

*Counsel for the Direct Purchaser Class*

Michael L. Roberts (*pro hac vice*)
Stephanie E. Smith (*pro hac vice*)
Kelly Rinehart (*pro hac vice*)
Joshua Zuckerman (*pro hac vice*)
Rita Y. Wang (*pro hac vice*)
**ROBERTS LAW FIRM US, PC**
20 Rahling Cir.
Little Rock, AR 72223
Tel: (501) 821-5575
mikeroberts@robertslawfirm.us
stephaniesmith@robertslawfirm.us
kellyrinehart@robertslawfirm.us
joshzuckerman@robertslawfirm.us
ritawang@robertslawfirm.us

*Counsel for KPH Healthcare Services, Inc.,
a/k/a. Kinney Drugs, Inc. and the Direct
Purchaser Class*

John D. Radice (*pro hac vice*)
April Lambert (*pro hac vice*)
Charles Kopel (*pro hace vice* forthcoming)
**RADICE LAW FIRM, P.C.**
475 Wall St.
Princeton, NJ 08540
Tel: (646) 245-8502
Fax: (609) 385-0745
jradice@radicelawfirm.com
alambert@radicelawfirm.com
ckopel@radicelawfirm.com
*Counsel for the Direct Purchaser Class*

*/s/ Scott J. Tucker*
Scott J. Tucker (BBO #503940)
William J. Fidurko (BBO #567064)
**TUCKER, DYER & O'CONNELL, LLP**
199 Wells Avenue
Newton, MA 02459
(617) 986-6226

*/s/ Peter D. St. Phillip*
Peter D. St. Phillip (*pro hac vice*)
Uriel Rabinovitz (*pro hac vice*)
Thomas Griffith (*pro hac vice*)
Renee Nolan (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
PStPhillip@lowey.com
URabinovitz@lowey.com
TGriffith@lowey.com

7

Rnolan@lowey.com

Courtney Finerty-Stelzner (*pro hac vice*)
**GETNICK & GETNICK LLP**
Rockefeller Center
630 Fifth Avenue, 20th Floor
New York, NY 10111
Telephone: (212) 376-5666
cfinertystelzner@getnicklaw.com

*Counsel for Plaintiff Premera Blue Cross and the End-Payor Class*

/s/ *Scott E. Perwin*
Scott E. Perwin (*pro hac vice*)
Lauren C. Ravkind (*pro hac vice*)
Anna T. Neill (*pro hac vice*)
David Lesht (*pro hac vice*)
Jonathan Stratton (*pro hac vice*)
**SPERLING KENNY NACHWALTER, LLC**
Four Seasons Tower - Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Telephone: (305) 373-1000
Facsimile:   (305) 372-1861
sep@sperlingkenny.com
lcr@sperlingkenny.com
aneill@sperlingkenny.com
dlesht@sperlingkenny.com
jstratton@sperlingkenny.com

*Counsel for Plaintiffs Walgreen Co., Albertsons Companies, Inc., H-E-B LP, and The Kroger Co.*

/s/ *Barry L. Refsin*
Barry L. Refsin (*pro hac vice*)
Eric L. Bloom (*pro hac vice*)
Cary Zhang (*pro hac vice* forthcoming)
**HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER**
One Logan Square, 27th Floor
Philadelphia, PA 19103
Telephone: (215) 568-6200
brefsin@hangley.com
ebloom@hangley.com
czhang@hangley.com

*Counsel for Plaintiff CVS Pharmacy, Inc.*

8

**CERTIFICATE OF SERVICE**

I, Jessica MacAuley, hereby certify that this document was electronically filed with the Clerk of the Court for the District of Massachusetts by using the CM/ECF System, which will send notification of such filing to all registered CM/ECF users. Counsel of record will also receive copies via electronic mail on this 26th day of March 2026.

Dated: March 26, 2026

/s/ Jessica R. MacAuley
Jessica R. MacAuley

9