**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE AMITIZA ANTITRUST LITIGATION<br><br>This Document Relates to: *EPP Action* | Lead Action No.  21-cv-11057-MJJ<br>EPP Action No.   23-cv-12918-MJJ<br><br>**LEAVE TO FILE GRANTED**<br>**APRIL 7, 2026 (ECF NO. 751)** |

**TAKEDA'S MOTION TO DISMISS**
**EPPs' ABANDONED STATUTORY MONOPOLIZATION AND**
**UNFAIR AND DECEPTIVE ACTS AND PRACTICES CLAIMS**

Defendants Takeda Pharmaceutical Company Limited and Takeda Pharmaceuticals U.S.A., Inc., and Takeda Pharmaceuticals America, Inc. (collectively "Takeda"), pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16.5, move to dismiss EPPs' statutory monopolization and unfair and deceptive acts and practices ("UDAP") claims.[1]

EPPs' complaint asserts monopolization and UDAP claims under various state statutes.[2] As noted in the parties' pre-trial memorandum,[3] EPPs chose not to propose jury instructions addressing the distinct elements for these claims, nor have they stated an intention to pursue such claims at trial.[4] These claims are abandoned and should be dismissed before trial.

---

[1] Upon receipt of Plaintiffs' proposed jury instructions, Takeda contacted both Retailers and EPPs, requesting dismissal of claims for which no instructions had been proposed. Retailers agreed, filing a stipulation of dismissal with prejudice as to their monopolization claims under Section 2 of the Sherman Act. *See* Doc. No. 703. Following email exchange and several meet and confer calls, Takeda was unable to reach a similar agreement with EPPs.

[2] *See* Class Action Complaint, *Premera Blue Cross v. Takeda Pharma. Co. Ltd.*, No. 1:23-cv-12918, Dkt. No. 1 at Counts II, III (D. Mass. Nov. 30, 2023). EPPs' UDAP claims are distinct from their unfair methods of competition, or "UMOC" claims, which mimic antitrust law. *See, e.g.*, *Anoush Cab, Inc. v. Uber Techs., Inc.*, 8 F.4th 1, 16-17 (1st Cir. 2021) (addressing Chapter 93A, "in analyzing what constitutes unfair methods of competition ... the court looks to … statutes prohibiting anticompetitive conduct" but "[t]o prove … an 'unfair or deceptive act or practice,' …. that conduct violates statute or common law does not necessarily mean that it is 'unfair or deceptive'") (citations omitted).

[3] Doc. No. 724 at 49-50.

[4] *Id.* at 47 (conceding that "EPPs' Count II (Monopolization Under State Law) is not 'accounted for in jury instructions'").

1

With respect only to the UDAP claims,[5] EPPs take exception to Takeda's challenge, arguing that Takeda seeks to pick off "legal 'theories'" and not claims, and is therefore "ignor[ing] the bedrock principle that plaintiffs may plead alternative legal theories and, at trial choose which theories of recovery to pursue."[6] This is wrong on two levels. *First*, EPPs' UDAP "theories" are actually separate statutory claims with their own unique elements.[7] EPPs cite no authority suggesting that UDAP claims are merely "theories." *Second*, even if EPPs' claim/theory distinction were correct, the distinction is immaterial at this stage of the litigation. Indeed, while EPPs argue that they can "***plead*** alternative legal theories and, at trial ***choose*** which theories of recovery to pursue[,]"[8] by failing to propose jury instructions, EPPs have chosen "which theories of recovery to pursue" and have chosen to abandon their UDAP claims.[9]

Takeda respectfully requests that the Court dismiss EPPs' monopolization and UDAP claims with prejudice, and make clear what claims and issues are (and are not) being tried in this already complex trial.

---

[5] EPPs appear to concede that the monopolization claims should be dismissed, *see* Doc. No. 724 at 47 (noting conditional offer of dismissal), even though such claims—much like the challenged UDAP claims—are based on subparts of state statutes that otherwise remain in the case. *See, e.g.*, Trs. of Charge Confer., *In re Nexium (Esomeprazole) Antitrust Litig.*, No. 1:12-md-02409-WGY, Dkt No. 1100 at 5:5-24, 26:19-27:13 (D. Mass. Oct. 20, 2014) (addressing stipulations of dismissal for abandoned monopolization claims, holding such are with prejudice).

[6] Doc. No. 724 at 47-48, n.93.

[7] *See, e.g.*, *Full Spectrum Software, Inc v. Forte Automation Sys.*, 858 F.3d 666, 676 (1st Cir. 2017) ("a chapter 93A claim may be predicated on an underlying claim of unfair methods of competition, unfair acts or practices, or deceptive acts or practices."); *Kahn v. Walmart Inc.*, 107 F.4th 585, 601 (7th Cir. 2024) (similar); *Anoush*, 8 F.4th at 16-17. Indeed, in accord with this understanding, the Court at the motion to dismiss stage dismissed the "fraudulent" prong of EPPs' UCL claim, but not the UCL's "unlawful" or "unfair" prongs. Doc. No. 289 at 45-46; Doc. No. 326.

[8] Doc. No. 724 at 47-48, n.93 (quoting *Bloyer v. St. Clair Cnty Ill.*, 179 F. Supp. 3d 843, 847-48 (S.D. Ill. 2016)) (emphasis added).

[9] *See, e.g.*, *Nelson v. J. C. Penney Co.*, 75 F.3d 343, 348 (8th Cir. 1996) (failure to offer instructions during jury instruction conference constitutes abandonment of claim); *accord In re Net-Velazquez*, 625 F.3d 34, 40 (1st Cir. 2010). EPPs' authority is inapposite. *HVLPO2, LLC v. Oxygen Frog, LLC*, 2018 U.S. Dist. LEXIS 245874, at *10-11 (N.D. Fla. May 28, 2018) (rejecting motion to exclude evidence where plaintiff failed to seek summary judgment on challenged theories which defendant intended to present at trial); *Myers v. Peoples Bank of Ewing*, 2012 WL 3288179, at *3 (E.D. Tenn. Aug. 10, 2012) (denying dismissal of theory at motion to dismiss stage). *HVLPO2* relied on *Winstead v. Lafayette Cty. Bd. of Cty. Comm'r*, which makes clear that "by the time summary judgment motions are submitted … a court should be allowed to narrow the available theories for trial." 197 F. Supp. 3d 1334, 1341 (N.D. Fla. 2016).

Dated: April 7, 2026

Respectfully submitted,

*/s/ Joshua S. Barlow*
Fred A. Kelly, Jr. Esq., BBO #544046
Joshua S. Barlow, Esq., BBO #667472
**ARNOLD & PORTER KAYE SCHOLER LLP**
500 Boylston St., 20th Floor
Boston, MA 02116
Telephone: (617) 351-8050
Fred.Kelly@arnoldporter.com
Joshua.Barlow@arnoldporter.com

Andre Geverola (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
70 West Madison Street, Suite 4200
Chicago, IL 60602-4231
Telephone: (312) 583-2430
andre.geverola@arnoldporter.com

Laura Shores (*pro hac vice*)
Thomas J. Carr (*pro hac vice*)
Ali Nayfeh (*pro hac vice*)
Elizabeth Trentacost (*pro hac vice*)
Drew Needham (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave. NW
Washington, DC 20001-3743
Telephone: (202) 942-5000
laura.shores@arnoldporter.com
thomas.carr@arnoldporter.com
ali.nayfeh@arnoldporter.com
drew.needham@arnoldporter.com
elizabeth.trentacost@arnoldporter.com

Wallace Wu (*pro hac vice*)
Seth Engel (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street,
44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4000
wallace.wu@arnoldporter.com
seth.engel@arnoldporter.com

Assad Rajani (*pro hac vice*)

3

**ARNOLD & PORTER KAYE SCHOLER LLP**
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306-3807
Telephone: (650) 319-4500
assad.rajani@arnoldporter.com

Ada Añon (*pro hac vice*)
Michael Sapiro (*pro hac vice*)
Matthew Wilk (*pro hac vice*)
Sam Sullivan (*pro hac vice*)
Eliza Buergenthal (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
ada.anon@arnoldporter.com
michael.sapiro@arnoldporter.com
matthew.wilk@arnoldporter.com
sam.sullivan@arnoldporter.com
eliza.buergenthal@arnoldporter.com

Michael F. Brockmeyer (*pro hac vice*)
**HAUG PARTNERS LLP**
1667 K Street, NW
Washington, DC 20006
Telephone: (202) 292-1530
mbrockmeyer@haugpartners.com

Ralph E. Labaton (*pro hac vice*)
**HAUG PARTNERS LLP**
745 5th Avenue
New York, NY 10151
Telephone: (212) 588-0800
rlabaton@haugpartners.com

*Attorneys for Defendant Takeda*

4

**CERTIFICATE OF SERVICE**

I, Joshua S. Barlow, hereby certify that on April 7, 2026, I caused a true and accurate copy of the above document, filed with the Court, to be served upon counsel of record for each party via the Court's ECF filing system or, for sealed versions of the filing, via electronic mail.

/s/ *Joshua S. Barlow*