# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE AMITIZA ANTITRUST LITIGATION | Master Docket No. 1:21-cv-11057-MJJ |
| THIS DOCUMENT RELATES TO<br><br>*All Actions* | |

## PURCHASERS' RENEWED MOTION TO PRECLUDE CUMULATIVE TESTIMONY FROM DR. JOSEPHINE LIU

The purchasers hereby renew their motion to preclude cumulative testimony from Dr. Josephine Liu. This Court previously denied in part Purchasers' MIL 5, but "granted [the motion] to the extent that there is going to be cumulative evidence and try to minimize that." Apr. 16, 2026, Tr. 14:5-6. In doing so, the Court noted the overlap between the opinions of Dr. Liu and Mr. Jonathan Singer.[1] Given Mr. Singer's direct examination on May 4, 2026, and Takeda's disclosed intention to call experts Rajagopalan, Mehes, and Patel, there is little if any unique ground to cover through Dr. Liu.

Dr. Liu offers three opinions: (1) litigation presents risks *generally* such that an in-house attorney would advise a reasonable generic company to pursue settlement in the Par litigation;[2] (2) Par was not well-positioned for trial (citing reasons Mr. Singer discussed on his direct);[3]

---

[1] *See* Apr. 16, 2026, Tr. 14:5-6 ("I think there is some overlapping in the opinion of both experts.").

[2] Liu Rep. ¶45 ("a settlement can provide certainty for the parties, avoid the inherent legal risks, substantial costs, and uncertainty involved with protracted litigation, allows the generic to redirect its resources to the development and investment of lubiprostone and other pharmaceutical products, and allows the products to reach a larger group of patients where they could otherwise be enjoined through patent expiry, ¶47 ("Settlement also provides the business with a date certain for a risk-free launch with respect to the IP landscape"), ¶89 ("A settlement reflects a business decision to avoid the risk of taking an ANDA litigation to trial, among other things.)."

[3] Liu Rep. ¶¶ 59 − 74 (citing lack of infringement defense, claims construction decision favored Takeda, the large number of asserted claims, the clear and convincing evidence standard).

and (3) she would have advised a reasonable generic company in Par's position "to accept a settlement offer with a license effective date as late as the second half 2023," (where alternative entry dates are to be addressed by Takeda's experts: from the generic perspective by Mr. Patel, from the brand perspective by Ms. Mehes, and from an economic perspective by Dr. Saravia).[4] Dr. Liu also makes incidental comments about FDA approval (to be addressed by Takeda's regulatory expert Dr. Rajagopalan and Mr. Engels).[5] And throws inappropriate barbs at Dr. Davitz for opinions Dr. Davitz did not actually offer at trial.[6]

As to her first opinion, it amounts to a statement that all litigation has risk,[7] a proposition that multiple witnesses have already testified to and is not in serious dispute.

As to her second opinion, Dr. Liu either relies on or parrots Mr. Singer's opinions. Both opine on (the undisputed) absence of Par noninfringement defenses at the time of settlement,[8] the impact of the claim construction decision,[9] Par's absence of § 112 defenses,[10] the implications of litigating 7 patents and the clear and convincing standard,[11] that some of Par's

---

[4] Liu Rep. ¶ 111.

[5] Liu Rep. ¶ 112 ("delays in FDA approval"), 107-109 ("At the time of settlement, in September 2014, Par did not have FDA approval . . . .")

[6] *See, e.g.*, Liu Rep. ¶ 87-88 ("Now would experienced in-house counsel have relied on Dr. Davitz's 'baseline' conclusion that 'on average it is very likely than not that . . . the generic company has at least a sixty percent (60%) chance of success.' . . . I have been litigating ANDA cases for 17 years and Dr. Davitz's observation . . . is wholly inconsistent with my experience."); *see also* Takeda's proposed slides, casting aspersion as to opinions he did not actually offer at trial.

[7] Liu Rep. ¶45 ("a settlement can provide certainty for the parties, avoid the inherent legal risks, substantial costs, and uncertainty involved with protracted litigation, allows the generic to redirect its resources to the development and investment of lubiprostone and other pharmaceutical products, and allows the products to reach a larger group of patients where they could otherwise be enjoined through patent expiry, ¶47 ("Settlement also provides the business with a date certain for a risk-free launch with respect to the IP landscape"), ¶89 ("A settlement reflects a business decision to avoid the risk of taking an ANDA litigation to trial, among other things.)." Dr. Liu similarly opines that, as to the unasserted patents, "successive lawsuits are a risk." ¶ 99. Takeda tried to address this issue with Mr. Singer.

[8] Liu Rep. ¶¶ 68, 71.

[9] Liu Rep. ¶ 69.

[10] Liu Rep. ¶ 70.

[11] Liu Rep. ¶¶ 72–73.

arguments were before the PTO during patent prosecution,[12] estimated timing of the Par litigation,[13] estimated litigation costs (specifically and generally),[14] and general critiques of Dr. Davitz's opening report.[15] Mr. Singer has already provided evidence on each of these topics, including improperly as to critiques of Dr. Davitz. *See also* Plaintiffs' MIL 5.

As to her third opinion, Dr. Liu purports to offer improper expert opinion on the settlement date a generic company should accept—an opinion separately provided by no less than three of Takeda's experts (Mehes, Patel, and Saravia)—except without the economic analyses of these economic experts. Unlike those experts, Dr. Liu does not purport to use economic principles or any coherent methodology to support her opinion. Her *ipse dixit* that she would have advised a company to accept the *first date tendered* in settlement negotiations because of generalized risks that most generic companies face lacks any principled support and thus cannot help the jury.

As to her "red flag" criticisms of Dr. Davitz, at least as presented in the proposed accompanying slides, do not track his testimony and are otherwise inappropriate.[16] Takeda's transparent plan to make Dr. Liu a mouthpiece for its criticisms of Dr. Davitz (evident from the few slides disclosed) defies numerous Court rulings that the time to impeach experts is on cross-examination during their testimony, not after the fact when the expert has no chance to respond.

As to her incidental opinions about FDA approval, other Takeda experts—Rajagopalan and Engels—will tread this ground for Takeda.

---

[12] Liu Rep. ¶ 74.

[13] Liu Rep. ¶¶ 100-06.

[14] Liu Rep. ¶ 110.

[15] Liu Rep. ¶ 110.

[16] *See* Objections to Takeda's proposed slides for Dr. Liu (to be filed this evening)

Dated: May 4, 2026

Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

*/s/ Kristen A. Johnson*
Thomas M. Sobol (BBO #471770)
Erin C. Burns (*pro hac vice*)
Kristen A. Johnson (BBO #667261)
Jessica R. MacAuley (BBO #685983)
Rebekah Glickman-Simon (BBO #708043)
Daniel Polonsky (BBO #709609)
1 Faneuil Hall Square
Boston, MA 02109
Tel: (617) 482-3700
Fax: (617) 482-3003
tom@hbsslaw.com
erinb@hbsslaw.com
kristenj@hbsslaw.com
jessicam@hbsslaw.com
rebekahgs@hbsslaw.com
danielp@hbsslaw.com

*Counsel for the Direct Purchaser Class*

Michael L. Roberts (*pro hac vice*)
Stephanie E. Smith (*pro hac vice*)
Kelly Rinehart (*pro hac vice*)
Joshua Zuckerman (*pro hac vice*)
Rita Y. Wang (*pro hac vice*)
**ROBERTS LAW FIRM US, PC**
1920 McKinney Ave., Suite 700
Dallas, TX 75201
Tel: (501) 821-5575
mikeroberts@robertslawfirm.us
stephaniesmith@robertslawfirm.us
kellyrinehart@robertslawfirm.us
joshzuckerman@robertslawfirm.us
ritawang@robertslawfirm.us

*Counsel for KPH Healthcare Services, Inc., a/k/a. Kinney Drugs, Inc. and the Direct Purchaser Class*

John D. Radice (*pro hac vice*)
April Lambert (*pro hac vice*)
Charles Kopel (*pro hace vice*)
Luke Smith (*pro hac vice*)

Clark Craddock (*pro hac vice*)
Kenneth Pickle (*pro hac vice*)
**RADICE LAW FIRM, P.C.**
475 Wall St.
Princeton, NJ 08540
Tel: (646) 245-8502
Fax: (609) 385-0745
jradice@radicelawfirm.com
alambert@radicelawfirm.com
ckopel@radicelawfirm.com
lsmith@radicelawfirm.com
ccraddock@radicelawfirm.com
kpickle@radicelawfirm.com

*Counsel for the Direct Purchaser Class*

*/s/ Scott J. Tucker*
Scott J. Tucker (BBO #503940)
William J. Fidurko (BBO #567064)
**TUCKER, DYER & O'CONNELL, LLP**
199 Wells Avenue
Newton, MA 02459
(617) 986-6226

*/s/ Peter D. St. Phillip*
Peter D. St. Phillip (*pro hac vice*)
Uriel Rabinovitz (*pro hac vice*)
Thomas Griffith (*pro hac vice*)
Renee Nolan (*pro hac vice*)
**LOWEY DANNENBERG, P.C.**
44 South Broadway, Suite 1100
White Plains, NY 10601
Telephone: (914) 997-0500
PStPhillip@lowey.com
URabinovitz@lowey.com
TGriffith@lowey.com
Rnolan@lowey.com

Courtney Finerty-Stelzner (*pro hac vice*)
**GETNICK & GETNICK LLP**
Rockefeller Center
630 Fifth Avenue, 20th Floor
New York, NY 10111
Telephone: (212) 376-5666
cfinertystelzner@getnicklaw.com

*Counsel for Plaintiff Premera Blue Cross and the End-Payor Class*

*/s/ Scott E. Perwin*

Scott E. Perwin (*pro hac vice*)
Lauren C. Ravkind (*pro hac vice*)
Anna T. Neill (*pro hac vice*)
David Lesht (*pro hac vice*)
Jonathan Stratton (*pro hac vice*)
**SPERLING KENNY NACHWALTER, LLC**
Four Seasons Tower – Suite 1100
1441 Brickell Avenue
Miami, FL 33131
Telephone: (305) 373-1000
Facsimile:  (305) 372-1861
sep@sperlingkenny.com
lcr@sperlingkenny.com
aneill@sperlingkenny.com
dlesht@sperlingkenny.com
jstratton@sperlingkenny.com

*Counsel for Plaintiffs Walgreen Co., Albertsons Companies, Inc., H-E-B LP, and The Kroger Co.*

/s/ *Barry L. Refsin*
Barry L. Refsin (*pro hac vice*)
Eric L. Bloom (*pro hac vice*)
Cary Zhang (*pro hac vice* forthcoming)
**HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER**
One Logan Square, 27th Floor
Philadelphia, PA 19103
Telephone: (215) 568-6200
brefsin@hangley.com
ebloom@hangley.com
czhang@hangley.com

*Counsel for Plaintiff CVS Pharmacy, Inc.*

- 6 -

## **CERTIFICATE OF SERVICE**

I, Kristen A. Johnson, hereby certify that this document was electronically filed with the Clerk of the Court for the District of Massachusetts by using the CM/ECF System, which will send notification of such filing to all registered CM/ECF users.


Dated: May 4, 2026                          */s/Kristen A. Johnson*
                                            Kristen A. Johnson