**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| IN RE AMITIZA ANTITRUST LITIGATION<br><br>THIS DOCUMENT RELATES TO:<br>*All Actions* | Master Docket. No. 1:21-cv-11057-MJJ |

## OPPOSITION TO PLAINTIFFS' RENEWED MOTION TO PRECLUDE CUMULATIVE TESTIMONY FROM DR. JOSEPHINE LIU

The Court has already denied Plaintiffs' attempt to preclude Dr. Josephine Liu from testifying once before.[1] There are no changes in the circumstances following Mr. Singer's testimony. The Court should reject Plaintiffs' belated motion, which would be highly-prejudicial and disruptive in the middle of trial.

The thrust of Plaintiffs' motion is that Dr. Liu's testimony is cumulative with that of Mr. Jon Singer and therefore unfairly prejudicial under Rule 403. For support, Plaintiffs cite the Court's observation that "there is some overlapping in the opinion of both experts."[2] Tellingly, they omit the very next sentence, where the Court confirmed that "their testimony does appear to serve different functions."[3]

This is still the case. As Takeda explained, Mr. Singer and Dr. Liu are not "providing

---

[1] Day 4 Trial Tr. 14:5-10 (Apr. 16, 2026).

[2] *Id.* at 14:5-6.

[3] *Id.* Indeed, in successfully arguing for the exclusion of Takeda's technical experts, Plaintiffs' counsel argued that "what matters is what reasonable companies in the position of Par and Takeda" which "is coming in through, as you put it, the objective assessment of experts on both sides[.]" Cont. Pre-Trial Conf. 82:6-24 (Apr. 9, 2026). Counsel continued "and just because I don't want to leave the misimpression that that would somehow prejudice Takeda to draw this line, Takeda's experts, Dr. Liu *and* Mr. Singer, talk about the technical expert reports that were actually of record in the Par litigation.… So we think your line drawing makes sense, your Honor, and it is not prejudicial because, again, their *experts* can address the technical reports that were at issue in Par." *Id.* Now, on the eve of Dr. Liu's testimony, Plaintiffs attempt an about face to prejudice Takeda in precisely the way they said they would not.

1

cumulative testimony"[4] because although both are providing their views on the Par patent litigation, it is through different lenses. Mr. Singer offered testimony from the perspective of trial counsel experienced in Hatch-Waxman trials. As such, he focused on Par's likelihood of success in the Par Patent Litigation. Dr. Liu, on the other hand, will testify from the perspective of a reasonable and competent in-house counsel advising the parties.[5] While she acknowledges that input from outside counsel on the substantive merits of the case is one input, the focus of her anticipated testimony is advising on whether to pursue litigation or settlement and, if so, a recommended date for license entry date. To the extent there is potential overlap, Takeda does not intend to cover the same chronology in the same detail, but ask Dr. Liu how the status of each aspect of the litigation would factor into her distinct analysis. Thus, Takeda will heed the Court's guidance to limit cumulative testimony.

Plaintiffs' mischaracterizations of Dr. Liu's opinions establish that Dr. Liu's testimony is not cumulative. Plaintiffs misleadingly reduce Dr. Liu's opinion to a "statement that all litigation has risk."[6] This is not so. Rather, Dr. Liu's testimony contextualized the benefits that settlement can provide to a generic company, such as addressing risks of future potential litigation and securing a date-certain launch. Plaintiffs' citations to Dr. Liu's report (at 1 n.2) confirm the same.[7] This is not the subject of Mr. Singer's testimony.

Nor does Dr. Liu "parrot" Mr. Singer's opinion.[8] As the Court acknowledged, some overlap in the subject matter of her and Mr. Singer's opinions is inevitable given they are opining

---

[4] Day 4 Trial Tr. 13:24 (Apr. 16, 2026).

[5] *See* Doc. No. 708 at 17 (Takeda's opposition to Plaintiffs' motion *in limine* 5).

[6] Mot. at 2.

[7] *See also* Liu Rpt. ¶¶ 32-46 (analyzing how different litigation results affect the ability of the generic to launch and the timing of launch).

[8] Mot. at 2.

on the same litigation events. But Dr. Liu will explain that success is not simply tied to a litigation outcome, and she will lay out for the jury how reasonable and competent in-house counsel attempting to launch a generic would interpret the case status at the time of settlement to advise on whether to pursue settlement. [9]

As for relying on Dr. Singer's opinion, it is well-settled that "an expert may rely on other witness's testimony or other expert conclusions to form an opinion."[10] For certain subject matter, Dr. Liu does exactly that and will explain the reason why she relies on Mr. Singer's assessment.[11] Likewise, she explains the reasons why reasonable in-house counsel would not have relied on Dr. Davitz's conclusion on the likelihood of success in the Par patent litigation.[12] Dr. Liu will explain that Dr. Davitz's conclusion as to the percentage likelihood of success was based on several errors.[13] Those errors exist regardless of whether Dr. Davitz changed his opinions or failed to acknowledge the errors during trial. The input of outside counsel is only one part of her analysis.

Next, Plaintiffs belatedly assert that Dr. Liu is not qualified to offer an opinion about her recommendation on whether to pursue litigation.[14] But the time to do so has long passed.[15] Regardless, Dr. Liu has extensive professional experience providing the same type of recommendations in Hatch-Waxman litigations. Plaintiffs state (at 3) that Dr. Liu "does not purport

---

[9] Liu Rpt. ¶ 112-13.

[10] Doc. No. 632 (Summary Judgment Order) at 35.

[11] Liu Rpt. ¶ 75 ("Experienced in-house counsel in Par's position would also have solicited input from reasonable and competent ANDA trial counsel with experience litigating ANDA cases.").

[12] *See, e.g.*, Liu Rpt. ¶¶ 79-86.

[13] *Id.*

[14] Mot. at 3.

[15] Plaintiffs never deposed Dr. Liu, and now, the night before she testifies, is the first time they have challenged her qualifications or methodology. *See* Doc. No. 678 at 13-15 (moving to exclude Dr. Liu's testimony on the basis of cumulativeness); *cf. Webster v. Fulton Cnty., Georgia*, 85 F. Supp. 2d 1375, 1377 (N.D. Ga. 2000) (holding that a motion for a *Daubert* hearing on admissibility of expert testimony was untimely where it was not made until the eve of trial despite multiple opportunities to do so earlier).

to use economic principles or any coherent methodology to support her opinion." But Dr. Liu's opinion is derived from her years of experience as in-house counsel at Sandoz.[16] Plaintiffs cite no support for their arbitrary requirement that **only economists** may testify about anticipated settlement dates.

Plaintiffs now also claim, for the first time, that Dr. Liu's testimony is cumulative of Takeda's **other** experts: Ildiko Mehes, Amit Patel, and/or Celeste Saravia. Ms. Mehes opines from the perspective of an experienced **brand** in-house counsel about the conduct of **Sucampo** and **Takeda**, not Par. Mr. Patel opines about the **business factors** involved in the Settlement Agreement from the perspective of a reasonable generic company, not the **litigation risk**. And Dr. Saravia is an economist who opines that the Par Settlement Agreement was procompetitive. None of this testimony is so cumulative as prejudice in any way Plaintiffs. Nor does it risk wasting the jury's time. Plaintiffs cannot brush all of these aside as the same "opinion separately provided" by multiple experts.[17]

On a final note, Plaintiffs attempt to invoke Dr. Liu's criticisms of Dr. Davitz's testimony as a basis for exclusion, claiming that "the time to impeach experts is on cross-examination during their testimony, not after the fact when the expert has no chance to respond."[18] Of course, Takeda is entitled to put on its own case and rebut the opinions of Plaintiffs' experts—including Dr. Davitz—not least of all with expert opinions that were timely disclosed **years ago**. As this Court has explained, "[a] rebuttal expert, by nature, criticizes the methodology and/or opinions of another[.]"[19] Here, Dr. Davitz testified about his 60% win-rate opinion and Dr. Liu will offer her

---

[16] *See* Doc. No. 632 at 23-48 (qualifying many of Plaintiffs' experts on the basis of their experience alone).

[17] Mot. at 3.

[18] *Id.*

[19] Doc. No. 632 at 57 (citation omitted).

opinion, criticizing Dr. Davitz's foundation for his opinion. Plaintiffs will have every opportunity to cross examine Dr. Liu, which is all that is required.

## CONCLUSION

For the foregoing reasons, Takeda respectfully requests that the Court deny Plaintiffs' renewed motion to preclude testimony from Dr. Liu.

Dated: May 5, 2026

Respectfully submitted,

/s/ Joshua S. Barlow
Fred A. Kelly, Jr., BBO #544046
Joshua S. Barlow, BBO #667472
Brittney Nagle, Esq., BBO #716728
**ARNOLD & PORTER KAYE SCHOLER LLP**
500 Boylston Street, 20th Floor
Boston, MA 02116
Telephone: (617) 351-8050
fred.kelly@arnoldporter.com
joshua.barlow@arnoldporter.com
bee.nagle@arnoldporter.com
Andre Geverola (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
70 West Madison Street
Suite 4200
Chicago, IL 60602-4231
Telephone: (312) 583-2430
andre.geverola@arnoldporter.com

Laura S. Shores (*pro hac vice*)
Thomas J. Carr (*pro hac vice*)
Ali Nayfeh (*pro hac vice*)
Elizabeth Trentacost (*pro hac vice*)
Drew Needham (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
601 Massachusetts Ave. NW
Washington DC 20001-3743
Telephone: (202) 942-5000
laura.shores@arnoldporter.com
thomas.carr@arnoldporter.com
ali.nayfeh@arnoldporter.com
drew.needham@arnoldporter.com
elizabeth.trentacost@arnoldporter.com

Wallace Wu (*pro hac vice*)
Seth Engel (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
777 South Figueroa Street
44th Floor
Los Angeles, CA 90017-5844
Telephone: (213) 243-4000
wallace.wu@arnoldporter.com
seth.engel@arnoldporter.com

6

Katie J.L. Scott (*pro hac vice*)
Assad H. Rajani (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
3000 El Camino Real
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306-3807
Telephone: (650) 319-4529
katie.scott@arnoldporter.com
assad.rajani@arnoldporter.com

Ada Añon (*pro hac vice*)
Michael Sapiro (*pro hac vice*)
Matthew Wilk (*pro hac vice*)
Sam Sullivan (*pro hac vice*)
Eliza Buergenthal (*pro hac vice*)
**ARNOLD & PORTER KAYE SCHOLER LLP**
250 West 55th Street
New York, NY 10019-9710
Telephone: (212) 836-8000
ada.anon@arnoldporter.com
michael.sapiro@arnoldporter.com
matthew.wilk@arnoldporter.com
sam.sullivan@arnoldporter.com
eliza.buergenthal@arnoldporter.com

Michael F. Brockmeyer (*pro hac vice*)
**HAUG PARTNERS LLP**
1717 K Street NW, Ste. 900
Washington, DC 20006
Telephone: (202) 292-1530
mbrockmeyer@haugpartners.com

Ralph E. Labaton (*pro hac vice*)
**HAUG PARTNERS LLP**
745 Fifth Avenue, l0th Floor
New York, NY 10004
Telephone: (212)-588-0800
rlabaton@haugpartners.com

*Counsel for Defendants*

7

## <u>CERTIFICATE OF SERVICE</u>

I, Joshua Barlow, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on May 5, 2026.


Dated: May 5, 2026                                              */s/ Joshua S. Barlow*
                                                                Joshua S. Barlow