UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE AMITIZA ANTITRUST LITIGATION ) Civil Action No. 21-11057-MJJ

# JURY VERDICT FORM

1. Have the Purchasers proven, by a preponderance of the evidence, that Takeda possessed substantial market power within the relevant market?

Yes ✓ No ______

[If you answered "YES" to Question 1, proceed to answer Question 2. If you answered "NO" to Question 1, then stop here, and go to the end to sign/date the form.]

2. Have the Purchasers proven, by a preponderance of the evidence, that the Settlement Agreement contained a large and unjustified reverse payment from Sucampo and Takeda to Par that had anticompetitive effects?

Yes ✓ No ______

[If you answered "YES" to Question 2, proceed to Question 3. If you answered "NO" to Question 2, then stop here, and go to the end to sign/date the form.]

3. Have the Purchasers proven, by a preponderance of the evidence, that Sucampo and Takeda entered into an implicit agreement with Par not to launch its own authorized generic?

Yes ✓ No ______

[If you answered "YES" to Question 3, proceed to Question 4. If you answered "NO" to Question 3, then stop here, and go to the end to sign/date the form.]

4. Has Takeda proven, by a preponderance of the evidence, that its conduct had procompetitive benefits?

Yes ✓ No ______

[If you answered "YES" to Question 4, proceed to Question 5. If you answered "NO" to Question 4, then skip Questions 5 and 6, and proceed to Question 7.]

5. Have the Purchasers proven, by a preponderance of the evidence, that the reverse payment provisions were not necessary to achieve those procompetitive benefits, and that there were alternative ways to achieve the same result with less harm to competition?

   Yes ✓ No ______

   [If you answered "YES" to Question 5, then skip Question 6 and go to Question 7. If you answered "NO" to Question 5, proceed to Question 6.]

6. Have the Purchasers proven, by a preponderance of the evidence, that the anticompetitive effects of Takeda's conduct substantially outweighed the procompetitive benefits claimed by Takeda?

   Yes ______ No ______

   [If you answered "YES" to Question 6, proceed to Question 7. If you answered "NO" to Questions 6, then stop here, and go to the end to sign/date the form.]

7. Did the anticompetitive Settlement Agreement between Sucampo and Takeda and Par result in some overcharge to the following Purchasers?

   a. The members of the Direct Purchaser Class: Yes ✓ No ______
   b. Albertsons Companies: Yes ✓ No ______
   c. CVS Pharmacy, Inc.: Yes ✓ No ______
   d. H-E-B, L.P.: Yes ✓ No ______
   e. The Kroger Co.: Yes ✓ No ______
   f. Walgreen Co.: Yes ✓ No ______
   g. The members of the End Payor Class: Yes ✓ No ______

   [If you answered "YES" to any of the Purchasers in Question 7 (a)-(g), proceed to Question 8. If you answered "NO" to all the Purchasers in Question 7 (a)-(g), then stop here, and go to the end to sign/date the form.]

8. When would a generic version of Amitiza have come to market if it had not been for the anticompetitive settlement agreement?

   April, 2018.

   [Proceed to Question 9.]

9. If you answered "YES" to any of the Purchasers in Question 7 (a)–(g), what is the amount of overcharge damages sustained by those Purchasers?

a. Direct Purchaser Class: $ 474,897,965

b. Albertsons Companies: $ 8,997,050

c. CVS Pharmacy, Inc.: $ 191,125,219

d. H-E-B, L.P.: $ 4,996,283

e. The Kroger Co.: $ 20,343,515

f. Walgreen Co.: $ 121,375,579

g. End Payor Class:

| | |
|---|---|
| California | $ 25,984,698 |
| Connecticut | $ 3,368,225 |
| District of Columbia | $ 663,326 |
| Hawaii | $ 961,699 |
| Iowa | $ 2,577,360 |
| Maryland | $ 5,949,566 |
| Minnesota | $ 3,116,835 |
| North Dakota | $ 513,528 |
| Nebraska | $ 2,114,039 |
| New Mexico | $ 1,227,290 |
| Nevada | $ 1,454,046 |
| Rhode Island | $ 808,124 |
| South Dakota | $ 1,213,685 |
| Tennessee | $ 12,962,499 |
| Vermont | $ 293,459 |

[If you awarded damages to any of the States in the End Payor Class in Question 9 (g), proceed to Question 10. If you awarded damages to none of the States, then stop here, and go to the end to sign/date the form.]

10. Did the End Payor Plaintiffs prove, by a preponderance of the evidence, that Takeda's actions were "willful"?

Yes ✓ No ______

[Proceed to Question 11.]

11. Did the End Payor Plaintiffs prove, by a preponderance of the evidence, that Takeda's actions were "flagrant"?

Yes ______ No __✓__

[Proceed to Question 12.]

12. If you answered "YES" to Question 10 or Question 11, what additional damages do you award?

1X (no more damages) __✓__
2X (two times damages) ______
3X (three times damages) ______

I certify that the answers to each of the questions are unanimous.

Dated: May 18, 2026

[signature]
Jury Foreperson